UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRUCE COMMITTE,

    Plaintiff,

vs.

UNIVERSITY OF CINCINNATI, et al.,

    Defendant.

Case No. 1:15-cv-653

Judge Dlott
Magistrate Judge Bowman

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 14) and the parties responsive memoranda. (Docs. 16, 18). Upon careful review, the undersigned finds that Defendants' motion should be granted.

### I. Background and Facts

On October 6, 2015, Plaintiff Bruce Committe, filed a complaint against Defendants the University of Cincinnati, the Board of Trustees of the University of Cincinnati and/or the individual members of the Board of Trustees, David M. Szymanski, and Jane and John Does asserting two claims: (1) age discrimination against the University of Cincinnati in violation of the Age Discrimination in Employment Act of 1967, 42 USC § 621 et seq. ("ADEA"); and (2) a 42 U.S.C. § 1983 claim against the remaining defendants alleging the denial of his right to equal protection of the laws based upon his age.

Thereafter, on November 16, 2015, Plaintiff filed his First Amended Complaint, bringing the same claims, but changing the Court in the case caption. Both claims revolve around his failure to be hired "for the several academic accounting and business

law faculty positions to which he applied with a starting date Fall semester 2015." (Doc. 3, ¶1).

On February 6, 2016, this Court issued an Order to Show Cause requiring that Plaintiff show cause as to why the Court should not dismiss his Complaint for failure of service of process. (Doc. 5). Thereafter, on February 18, 2016, Plaintiff filed a Motion for 30 Day Extension of Time to Serve Summons and Complaint to Defendants University of Cincinnati and Syzmanski. (Doc. 6). On February 22, 2016, this Court granted Plaintiff's motion giving him 30 days from the date of the Order to perfect service. (Doc. 7). Plaintiff has only served Thomas Humes, as Chair of the Board of Trustees of the University of Cincinnati, and David Szymanksi. Plaintiff has not served the individual members of the Board.

Defendants now move to dismiss the complaint asserting that Plaintiff has failed to perfect service as to the individual members of the Board of Trustees and has failed to state a claim upon which relief can be granted. Defendants also argue that they are entitled to immunity. Defendants' contentions are well-taken.

**II. Analysis**

**A. Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint

2

must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### B. Plaintiff's complaint fails to state a claim for relief

At the outset, the undersigned finds that Plaintiff has failed to serve the individual members of the Board of Trustees. As detailed above, Plaintiff is suing the members of the Board of Trustees in their individual capacity and has only served the chair of the Board of Trustees, in his official capacity. The Rules of Civil Procedure do not contemplate service on the chair of the Board of Trustees as proper service of the Board members who are being sued in their individual capacity, not their official one. Accordingly, Plaintiff claims against the individual members of the Board should be dismissed for failure of proper service.

Next, Defendants argue that Plaintiff's ADEA claim against the University of Cincinnati is barred by Eleventh Amendment immunity. Absent an expressed waiver,

the Eleventh Amendment bars suit against a state or one of its agencies or departments in federal court *regardless of the nature of the relief sought. Pennhurst State Sch. v. Halderman,* 465 U.S. 89, 100 (1984) (emphasis added); *see also Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100–01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana,* 134 U.S. 1 (1890). Thus, the State of Ohio is immune from suit unless it waives its sovereign immunity. *Mixon v. Ohio,* 193 F.3d 389, 396–97 (6th Cir.1999).

Additionally, the University has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir.1999); *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449, 460 (6th Cir.1982); *Ohio Inns, Inc. v. Nye,* 542 F.2d 673, 681 (6th Cir.1976). The University is an arm of the State of Ohio and, therefore, entitled to Eleventh Amendment immunity. *Dillion v. Univ. Hosp.,* 714 F.Supp. 1384 (S.D.Ohio 1989).[1]

Last, Defendant argues that Plaintiff cannot assert a § 1983 claim for age discrimination. Notably, a plaintiff "may not bring [an] ADEA claim under § 1983. The detailed statutory remedy created by the ADEA constitutes the exclusive means for

---

[1] Plaintiff's First Amended Complaint asserts that he is suing the Board of Trustees for violating his constitutional right to equal protection of the laws. (Doc. 3) However, to the extent Plaintiff is attempting to bring a § 1983 claim against the Board itself, Plaintiff cannot do so because the Board, as an arm of the state, is entitled to Eleventh Amendment Immunity, and because the Board is not a "person" subject to liability under § 1983. *McKenna v. Bowling Green State University*, 568 Fed.Appx. 450, 456- 457 (6th Cir. June 13, 2014).

4

enforcement of the Act." *Janes v. Bardstown City Sch. Bd. of Educ.*, 97 F.3d 1452, 1996 WL 536794 *4 (6th Cir., Sept. 20, 1996), citing *Zombro v. Baltimore City Police Dept.*, 868 F.2d 1364, 1366-69 (4th Cir. 1989); *see also Golio v. Adena Health Sys.*, No. 2:11-CV-00757, 2012 WL 1409535, at *4 (S.D. Ohio Apr. 23, 2012) ("a plaintiff may not rely upon Section 1983 to purs[u]e an age discrimination claim. The Age Discrimination in Employment Act ("ADEA") provides the exclusive federal remedy for age discrimination in employment.") (citing Janes, supra); *Sigler v. City of Englewood*, No. 3:07-CV-092, 2008 WL 4448978, at *11 (S.D. Ohio Aug. 19, 2008) (a plaintiff cannot bring an age discrimination claim under § 1983). Therefore, Plaintiff's § 1983 age discrimination claim fails as a matter of law.

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Defendants motion to dismiss (Doc. 14) be **GRANTED** and this matter be **TERMINATED** on the active docket of the Court.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRUCE COMMITTE,

    Plaintiff,

vs.

UNIVERSITY OF CINCINNATI, et al.,

    Defendant.

Case No. 1:15-cv-653

Judge Dlott
Magistrate Judge Bowman

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).